United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Terence O. Huenefeld and Paula Huenefeld, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-62881-Civ-Scola |
| National Beverage Corp., and Nicholas A. Caporella, Defendants. | ) ) ) | |

### Order on Defendants' Renewed Motion to Seal Complaint

The Plaintiffs bring this lawsuit against National Beverage Corp. ("NBC") and Nicholas Caporella for discrimination, assault and battery, and breach of contract during the course of Plaintiff Terrence Huenefeld's employment with NBC. This matter is before the Court on the Defendants' Renewed Motion for Entry of Order Sealing Complaint, Amended Complaint and Discovery (ECF No. 63). The Court denied the Defendants' previous motion to seal the Complaint, finding that the Defendants had failed to present good cause to overcome the general policy favoring open and public viewing of court records (ECF No. 17).

"The common-law right of access to judicial proceedings . . . is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). This right of access is not absolute, however, and "requires a balancing of competing interests." *Id.* (citations omitted). In determining whether to seal a document, courts must consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted). A motion to seal must set forth "the factual and legal basis for departing from the policy that Court filings be public." L.R. 5.4(b)(1).

The Defendants argue that the Complaint and Amended Complaint should be sealed because there is "the very real potential" of short-sellers harming Defendant National Beverage Corporation's ("NBC's") stock value due to an on-line article and two tweets about the allegations in this lawsuit. (Mot. at 5-7.) The Defendants attached the article and the tweets to their motion. The article was largely laudatory, noting that NBC was "[o]ne of 2017's hottest stocks." (Mot. at 10.) However, the article did state that the company's "good

luck and effortless growth appear to be coming to an end," due to increasing shipping and marketing costs. (*Id.*) The article noted that the increasing costs come at a time when Defendant Nicholas Caporella's "personal life has become more challenging" due to two lawsuits filed by former employees of NBC against him, and specifically noted that this lawsuit includes an allegation that Caporella "regularly used the company jet for personal purposes and that the company never disclosed that to shareholders." (*Id.* at 11.) One of the tweets linked to this article, and said "[t]his year Wall Street definitely wants seltzer, not salsa." (*Id.* at 12.) The tweet did not mention this lawsuit. The second tweet included the text of one of the allegations in the Complaint concerning Caporella's alleged groping of Huenefeld. (*Id.* at 13.)

The article was published on July 24, 2017, and the Defendants argue that NBC's stock price decreased from July 24 through July 26, 2017. (Mot. at 6.) However, the Plaintiffs argue, and the Defendants do not dispute, that the price of NBC's stock has risen both since the time the Complaint was filed and in the time since the article was published. (Resp. at 4-5, ECF No. 84.) Moreover, the Eleventh Circuit has noted that "simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access." *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985) (internal quotations omitted) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The Defendants have provided no case law to the contrary. Indeed, if the risk of harm to a company's reputation or stock value were sufficient to justify sealing a complaint, then any complaint filed against a corporation would necessarily be sealed. Such a standard would eviscerate the common law presumption in favor of public access. Thus, the Defendants have failed to establish that any likelihood of injury outweighs the common law right of access to judicial proceedings.

The "discovery" that the Defendants seek to seal consists of the Plaintiffs' response to the Defendants' motion to compel the production of documents (ECF No. 42), a supplemental exhibit to that response (ECF No. 43), and the Plaintiffs' response to the Defendants' motion to compel better responses to interrogatories (ECF No. 44). The only actual discovery material included in those filings is the Plaintiffs' written response to the Defendants' request for production of documents, which simply contains the Defendants' requests and the Plaintiffs' notations concerning whether documents were produced in response to the requests and the Plaintiffs' objections to the requests (ECF No. 43). Although there is no common-law right of access to discovery material filed with discovery motions, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted), the Defendants have not

identified any specific information in these filings that warrants sealing, and there does not appear to be any sensitive information in the document.

Accordingly, since the Defendants have failed to establish a factual and legal basis for departing from the policy that court filings be public, the Court **denies** the Defendants' Renewed Motion for Entry of Order Sealing Complaint, Amended Complaint and Discovery (**ECF No. 63**). The Plaintiffs have requested that the Court award them the attorneys' fees and costs that they incurred in defending against the motion. (Resp. at 9.) However, Rule 11(c) requires that a motion for sanctions be made separately from any other motion, and must not be filed with the Court until it has been served on the opposing party and the party has had 21 days to correct or withdraw the challenged paper. Therefore, the Plaintiffs' request for attorneys' fees is denied without prejudice.

**Done and ordered** in chambers, at Miami, Florida, on October 24, 2017.

_____
Robert N. Scola, Jr.
United States District Judge